UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JOSEPH J. FOSTANO,

    Plaintiff,

v.

PALM BEACH CREDIT ADJUSTORS, INC.,
d/b/a FOCUS FINANCIAL SERVICES and
JOHN DOE,

    Defendants.

_____/

# COMPLAINT
# JURY DEMAND

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and Defendant, PALM BEACH CREDIT ADJUSTORS, INC. d/b/a FOCUS FINANCIAL SERVICES, placed telephone calls into this District on behalf of JOHN DOE.

## PARTIES

3. Plaintiff, JOSEPH J. FOSTANO, is a natural person, and at the time of the events alleged herein, was a citizen of the State of Florida, residing in Palm Beach County, Florida.

4. Defendant, PALM BEACH CREDIT ADJUSTORS, INC., d/b/a FOCUS FINANCIAL SERVICES ("PALM BEACH CREDIT"), is a corporation and citizen of the State of Florida with its principal place of business at Suite 3, 3800 South Congress Avenue, Boynton Beach, Florida 33435.

5. Defendant, JOHN DOE, is the creditor on whose behalf, PALM BEACH CREDIT, was attempting to collect an alleged debt. Plaintiff is presently unaware of the name of this individual, will obtain it through discovery and amend her complaint accordingly.

6. Because JOHN DOE is the creditor on whose behalf PALM BEACH CREDIT placed the calls, it is jointly and severally liable to Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR

CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

## FACTUAL ALLEGATIONS

7. On or about March 3, 2011, Defendant, PALM BEACH CREDIT, or others acting at its request, on behalf of JOHN DOE, left a message using an automatic telephone dialing system or an artificial or pre-recorded voice on Plaintiff's cellular voice mail seeking to communicate with a person other than Plaintiff who is a stranger to Plaintiff.

8. Defendant, PALM BEACH CREDIT, or others acting on behalf of JOHN DOE, used an automatic telephone dialing system or an artificial or pre-recorded voice to place other telephone calls to Plaintiff's cellular telephone.

9. None of Defendants telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

10. Defendants willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

11. Plaintiff incorporates Paragraphs 1 through 10.

12. Defendant, PALM BEACH CREDIT, or others acting on behalf of JOHN DOE, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, PALM BEACH CREDIT ADJUSTORS, INC., d/b/a FOCUS FINANCIAL SERVICES and JOHN DOE. for:

a. Damages;

b. a declaration that Defendants calls violate the TCPA;

c. a permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
don@donyarbrough.com

/s/ Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658